IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| PAUL E. CRAWFORD, #14370 | PETITIONER |
| VERSUS | CIVIL ACTION NO. 1:04-CV-866DMR-JMR |
| EMMITT SPARKMAN AND JIM HOOD | RESPONDENTS |

### ORDER DISMISSING PETITION WITH PREJUDICE AND DENYING MOTION OF PETITIONER FOR MANDAMUS [Doc. No. 17]

BEFORE THE COURT is the Petition of Paul Elvis Crawford, #14370, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. And the Court, having carefully considered the record before it, and the applicable case law, is of the opinion that the grounds sought in the petition are not well taken and it should be dismissed on all grounds with prejudice, and the Motion of the Petitioner for Mandamus is not well taken and should be denied [Doc. No. 17].

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Petitioner is lawfully in the custody of Dale Caskey, Warden of the East Mississippi Correctional Facility at Meridian, Mississippi, after being convicted of burglary of a dwelling in Harrison County, Mississippi. By order filed April 26, 2001, petitioner was sentenced to twenty-five (25) years as an habitual offender in the custody of the Mississippi Department of Corrections. (R. 1 at 44-45).[1]

Thereafter, petitioner appealed his judgment of conviction and sentence to the Mississippi Supreme Court, asserting the following issues:

---

[1] Citations to the state court record [Doc. No. 15 herein] are designated herein as "R." followed by the applicable volume number and page.

1

1) The evidence of intent upon entering the victim's home was inadequate to support the conviction.

2) The evidence was insufficient to support the conviction.

3) Ineffective assistance of counsel.[2]

On March 11, 2003, the Mississippi Court of Appeals affirmed petitioner's judgment of conviction and sentence in a written opinion. *See* Respondents' Exhibit A to Response [Doc. 14-2], *Crawford v. State,* 839 So.2d 594 (Miss.App.2003)(2001-KA-1345-COA).

On October 17, 2003, Crawford filed a pro se Application for Leave to Proceed in the Trial Court on a Motion for Post-Conviction Collateral Relief in the Mississippi Supreme Court (Cause No. 2002-M-89), asserting the following claims:

1) Petitioner was denied due process by being improperly sentenced as an habitual offender.

2) Indictment was defective because the habitual portion came after the words "against the peace and dignity of the State of Mississippi."

3) Petitioner was denied effective assistance of counsel because of counsel's:
a) failure to object to the fatally defective indictment;
b) failure to object to absence of a bifurcated hearing; and
c) failure to raise these issues on appeal.

By order filed January 21, 2004, a panel of the Mississippi Supreme Court denied Crawford's application, finding that claims one and two were procedurally barred pursuant to Miss. Code Ann. §99-39-21(1) and that claim three failed to meet the standard set out in *Strickland v. Washington*. (See Cause No. 2002-M-89).

---

[2]Respondents have submitted to this court that the appellate court failed to consider this issue because it was not properly raised.

On August 25, 2004, Crawford filed a second pro se Application for Leave to Proceed in the Trial Court on a Motion for Post-Conviction Collateral Relief in the Mississippi Supreme Court (Cause No. 2004-M-1681), asserting the following claims:

1) Petitioner did not steal or intend to steal anything.

2) Petitioner is actually innocent.

3) Petitioner was insane at the time of the alleged crime because he was on drugs.

4) The indictment was lacking in jurisdiction because there was no evidence that anything had been removed from the home.

5) Petitioner was incompetent to stand trial.

6) Petitioner was denied a competency hearing.

7) Petitioner was denied effective assistance of counsel because of counsel's:

    a) failure to investigate;
    b) refusal to let petitioner testify;
    c) failure of appellate counsel to raise ineffective assistance of trial counsel;
    d) failure to seek a competency hearing; and
    e) failure to challenge the indictment.

By order filed September 29, 2004, a panel of the Mississippi Supreme Court denied the application as a procedurally barred successive writ under Miss. Code Ann. §99-39-27(9).[3]

In the instant Petition for Writ of Habeas Corpus, Crawford raises the following issues:

    Ground One - Petitioner is actually innocent because he did not remove anything from the home and was only looking for a place to sleep.

---

[3]Miss. Code Ann.§99-39-27(9) states: "The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter." This section further sets out exceptions *inter alia* for intervening decisions and newly discovered evidence.

Ground Two - Petitioner was insane at the time he entered the house due to the fact that he was on drugs and was unaware that he was not entering his mother's house.[4]

Ground Three - Indictment was defective as a matter of law because it fails to state what petitioner removed from the home.

Ground Four - Ineffective assistance of counsel for counsel's:
    a) failure to plead petitioner insane;
    b) failure to file a motion to dismiss the defective indictment;
    c) failure to seek a competency hearing; and
    d) denial of petitioner's right to testify.

## II. LEGAL ANALYSIS

Petitioner Crawford's claims in Grounds Two, Three, and Four were raised in his second motion for post-conviction relief to the Mississippi Supreme Court and found to be procedurally barred. Accordingly, said procedurally barred claims are precluded from review by this Court. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001)(citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54 (1991); *Amos v. Scott,* 61 F.3d 333, 338-39 (5th Cir. 1995)).

As noted previously, the Mississippi Supreme Court found the issues which Crawford now raises in Grounds Two, Three and Four to be procedurally barred pursuant to Miss. Code

---

[4]Respondents have noted for the Court that Crawford's argument, *i.e.*, that he was unaware he was not entering his mother's house, is contradicted by his own statement on page 5 of Exhibit A to his petition that he entered the house because was unable to find his mother's house.

Ann. §99-39-27(9)[5]. The Fifth Circuit Court of Appeals has held that §99-39-27(9) is an independent state procedural bar. *See Lockett v. Anderson*, 230 F.3d 695 (5th Cir. 2000). *See also Barrientes v. Johnson*, 221 F.3d 741 (5th Cir. 2000). The adequacy of the procedural bar applied to Crawford's issues in state court depends on "whether Mississippi has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (citing *Lott v. Hargett*, 80 F.3d 161 (5th Cir. 1996)). However, the petitioner "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id.* This Court agrees with the Respondents that Crawford has failed to carry his burden of proving an "inconsistent and irregular" application of the procedural bar as stated above and as such has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule. *Id.* at 861.

Federal habeas courts are estopped from reviewing state cases applying an independent and adequate procedural rule unless the petitioner can demonstrate cause and actual prejudice. *See Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. In explaining the cause necessary for excusing a default, the Supreme Court instructed that "there must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753 (emphasis in original). Examples of objective factors which have been found to constitute cause to excuse a procedural

---

[5]See note 4 herein.

default include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [petitioner]." *McCleskey v. Zant*, 499 U.S. 467 (1991). In addressing cause for a procedural default that may be based in attorney error, the United States Supreme Court has stated as follows:

> We think, then, that the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington, supra,* we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

*Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986). The petitioner has not shown .

This Court is of the opinion that the petitioner cannot show "cause" under the "cause and prejudice" test necessary to allow this Court to reach the merits of these claims despite the procedural bar because no external impediment existed to prevent him from raising and discussing these claims, and any claim of ineffective assistance of counsel, resulting from the failure to raise any issue in his first post-conviction petition. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993).

The "fundamental miscarriage of justice" exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)(citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show

that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (Citations omitted). This Court is of the further opinion that Crawford has failed to establish with credible evidence that a miscarriage of justice will result if his claims are not considered on the merits. Accordingly, this Court is precluded from considering Grounds Two, Three, and Four presented in Crawford's petition due to his default in the courts of Mississippi.

Any procedural bar aside, Crawford's claim in Ground One[6] was raised on direct appeal to the Mississippi Court of Appeals and denied on the merits. As a result, under the Antiterrorism and Effective Death Penalty Act of 1996, (the "AEDPA") 28 U.S.C.A. § 2241, *et seq.*, and because this issue was decided on the merits, habeas relief cannot be granted with respect to these claims. 28 U.S.C. § 2254(d) and § 2254(e)(1). 28 U.S.C. § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[6]Respondents have submitted that Crawford's claim of actual innocence would arguably be procedurally barred. However, Crawford did raise an issue regarding intent on direct appeal in which he made a similar argument to that in Ground 1. Therefore, Ground One is discussed on the merits.

7

The first exception, subsection (d)(1) applies to questions of law or to mixed questions of fact and law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 1999). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5thCir. 1997). The Petitioner's claim involves mixed questions of law and fact. Therefore, subsection (d)(1) of §2254 governs the claim and dictates that a federal court cannot grant habeas relief to the petitioner unless it determines that the state court's decision involved an unreasonable application of the law to the facts. The "unreasonable application" standard of review of a state court decision does not mean that a federal court may grant habeas relief based on its simple disagreement with the state court decision; this would amount to nothing more than de novo review. *See Williams v. Cain*, 125 F.3d 269, 276-77 (5th Cir. 1997). Unless there is such an unreasonable application, there exists a presumption that state court factual findings are correct. *Knox v. Johnson*, 224 F.3d 470 (5th Cir. 2000).

In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (U.S. 2000), the United States Supreme Court concluded that § 2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams*, 120 S.Ct. at 1523. In interpreting the clause "contrary to," the Court declared as follows:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.

*Id*.

In construing the "unreasonable application" clause, the Court stated:

> Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id*. In other words, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521 (emphasis added). The *Williams* Court pointed out that an unreasonable application of federal law is different from an incorrect application of federal law, and that Congress was careful to use the word "unreasonable" rather than "erroneous" or "incorrect." *Id.* at 1522.

Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. See also *Ramdass v. Angelone,* 530 U.S. 156, 120 S.Ct. 2113, 2119-20, 147 L.Ed.2d 125 (2000)*; Chambers v. Johnson*, 218 F.3d 360 (5th Cir. 2000). Furthermore, findings of fact made by the state court are presumed correct, and the petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1).

> Because a federal habeas court only reviews the reasonableness of the state court's ultimate decision, the AEDPA inquiry is not altered when, as in this case, state habeas relief is denied without an opinion. . . . For such a situation, our court: (1) assumes that the state court applied the proper "clearly established Federal Law"; and (2) then determines whether its decision was "contrary to" or "an objectively unreasonable application

9

> of" that law. . . . The magistrate judge's report and recommendation, discussing *Neal* and *Catalan* (the latter rendered only the day before the recommendation), recognizes this controlling standard in no-state-opinion cases.

*Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir.2003).

Crawford asserts in Ground One that he is actually innocent because he did not remove anything from the home and was only looking for a place to sleep. It has been held that the claim of actual innocence is not a cognizable ground for habeas relief.

> In *Herrera v. Collins*, 506 U.S. 390, 416, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993), the Supreme Court held that such a claim [actual innocence] does not state an independent, substantive constitutional claim and was not a basis for federal habeas relief. However, it left open whether a truly persuasive actual innocence claim may establish a constitutional violation sufficient to state a claim for habeas relief. *Id.* at 417. The Fifth Circuit has rejected this possibility and held that claims of actual innocence are not cognizable on federal habeas review. (Citations omitted).

*Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003). "[I]t has long been a habeas rule that 'the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus.'" *See Lucas v. Johnson*, 132 F.3d 1069, 1074 (5th Cir. 1998)(citations omitted). "Throughout the [*Herrera*] opinion, the Court returns to its original premise that 'a claim of "actual innocence" is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id.* (quoting *Herrera*, 506 U.S. at 404).

Crawford asserted this argument as to intent on direct appeal and the Mississippi Court of Appeals found it to be without merit. Specifically, the appellate court found:

10

> Since those committing burglary usually have no occasion to announce their intentions, evidence of the required intent usually arises only from inferences. . . .
>
> Therefore, an inference of the intent to steal may arise from proof of the breaking and entering. *Gillum v. State*, 468 So.2d 856, 859 (Miss.1985). Crawford is permitted to counter this evidence which arises from an inference, just as he may counter other kinds of evidence presented to prove his guilt. The State met its burden of presenting evidence on each element of burglary.

*Crawford*, 839 So.2d at 595, 596.

The petitioner fails to assert any new competent and credible evidence in support of this claim. Instead, petitioner alleges evidence that was presented to the jury and found not to be convincing of actual innocence. Accordingly, Crawford's assertion of actual innocence fails to present an "independent, substantive constitutional claim" and Crawford is not entitled to habeas relief on Ground One.

Crawford presents nothing in the petition sub judice to establish that the state court's adverse determination of petitioner's issues resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. §2254(d)(1); *see also Gachot v. Stalder*, 298 F.3d 414, 421 (5th Cir. 2002).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the relief sought in the Petition of Paul Elvis Crawford, #14370, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, be and is hereby **DENIED** and the instant Petition is hereby **DISMISSED WITH PREJUDICE.**

11

**IT IS FURTHER ORDERED AND ADJUDGED** Motion of the Petitioner for Mandamus is **DENIED** [Doc. No. 17].

**IT IS FURTHER ORDERED AND ADJUDGED** that as all the rights and liabilities as to all the parties have been resolved that a Final Judgment be entered in this cause.

**SO ORDERED AND ADJUDGED** this the    6th    day of March, 2007.

       **/S/   DAN M. RUSSELL, JR.**
       **UNITED STATES DISTRICT JUDGE**